## IN THE TAX COURT OF THE STATE OF OREGON

Clarence M. BISHOP, Jr.
and Mabel L. Bishop
*v.*

## DEPARTMENT OF REVENUE

(TC 3870)

Peter L. Osborne, Schwabe, Williamson & Wyatt, Portland, represented plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiffs rendered July 22, 1996.

**CARL N. BYERS, Judge.**

Plaintiffs appeal personal income tax assessments for 1988, 1989, and 1990 arising from the disallowance of

credits for taxes paid to other states. The Department of Revenue (department) disallowed the credits on the ground that plaintiff Clarence Bishop (taxpayer), as beneficiary of a qualified subchapter S trust (QSST), was not entitled to the credits. This matter is before the court on cross motions for summary judgment.

## FACTS

The parties have stipulated the facts, summarized as follows:

Taxpayer is the trustee and sole income beneficiary of the Clarence Morton Bishop, Jr., Trust, a QSST established by the will of his father. During the tax years at issue, the trust owned 1,193 shares (7.63 percent) of the common stock of Pendleton Woolen Mills Inc. (Pendleton), an S corporation. Pendleton paid income taxes during the relevant years to other states on income that was also taxable by Oregon. Pendleton issued a schedule K-1 for each year to the trust showing its pro rata share of the corporation's income, loss, and deductions. Taxpayer used the information from the schedule K-1 to prepare and file federal and Oregon income tax returns. Taxpayer and his spouse claimed as credits under ORS 316.082 their pro rata share of taxes paid by Pendleton to other states.[1]

## ISSUE

The parties have stipulated the issue is: "whether the [t]axpayer is entitled to a credit under ORS 316.082 for [his share of] income taxes paid to another state by [Pendleton]."

## ANALYSIS

■■ IRC section 1361 defines S corporations and permits certain trusts to be shareholders of an S corporation. A QSST is allowed to be a shareholder of an S corporation if the beneficiary elects such treatment. It is unnecessary to delve into the statutory details other than to state that a QSST may

---

[1] All federal and state statutory references are to 1989.

have only one income beneficiary. The parties have stipulated that the subject trust qualifies as a QSST and that taxpayer made the election required under federal law.

IRC section 1361(d)(1)(B) states:

> "[F]or purposes of section 678(a) the beneficiary of such trust shall be treated as the owner of that portion of the trust which consists of stock in an S corporation * * *."

IRC section 678(a) treats certain persons, other than the grantor, as the owner of portions of the trust. Under IRC section 671, trust income, deductions, and credits of the trust are attributable to the owner. Regulation section 1.671-3(a)(2) provides:

> "If the portion treated as owned consists of specific trust property and its income, all items directly related to that property are attributable to the portion."

In summary, the federal income tax law treats the QSST beneficiary as the owner of the S corporation shares.

ORS 316.082(1) provides:

> "A resident individual shall be allowed a credit against the tax otherwise due under this chapter for the amount of any income tax imposed on the individual, or on an Oregon S corporation of which the individual is a member (to the extent of the pro rata share of the individual of the S corporation), for the taxable year by another state."

The department argues that a QSST beneficiary is not a "member" of an S corporation within the meaning of ORS 316.082, stating:

> "The text and context of ORS 316.082 show that the legislature intended the term 'member' to encompass only those individuals who are shareholders of an Oregon S corporation."

Use of the term "member" by the legislature in the context of a corporation is unusual. The common terminology for owners of S corporations is "shareholder" rather than member. Membership corporations are usually organized for other than pecuniary gain. *Black's Law Dictionary*, 1135 (4th ed 1951). A shareholder is one who owns shares, whereas a member is simply one of a group of persons. Use of the term

"member" suggests that the legislature intended a group broader than just shareholders. In the context of the income tax, use of the broader term would indicate an intent to include all those who must report S corporation income and deductions even though they do not personally own S corporation shares.

■    The court concludes that the legislature intended a QSST beneficiary to receive a pro rata share of the credits provided by ORS 316.082. The Oregon statutory scheme has adopted the federal approach for taxing S corporations. Although Oregon did not adopt specific federal income tax credits, it did adopt by reference the provisions taxing beneficiaries of QSSTs. ORS 314.734 subjects S corporation shareholder income to taxes under ORS chapter 316. Subparagraph (2) of that statute indicates that each item of income, gain, loss, or deduction maintains the same character in the hands of the shareholder for purposes of state taxation as it does for federal taxation.[2]

■    The department contends that "[f]ederal tax law does not transform the beneficiary of a QSST into a shareholder of the S corporation whose stock is owned by the trust." The court finds this is precisely the effect of the federal tax code. IRC section 1361(d)(1)(B) treats the beneficiary of the trust "as the owner of that portion of the trust which consists of stock in an S corporation with respect to which the election * * * was made." That treatment is adopted by Oregon. The legislature has expressed a policy to make Oregon law "identical in effect" to federal law with regard to the measurement of taxable income. ORS 316.007. The effect, which Oregon seeks to make identical, is to treat the QSST beneficiary as the owner of S corporation shares for purposes of taxation under ORS chapter 316.

Income tax laws treat electing corporations as if they were not corporations but partnerships. Similarly, electing trust beneficiaries are treated as if they owned trust property. In this way, well established concepts of commerce and

---

[2] Although the legislature did not enact ORS 314.734 until 1989, it is consistent with the legislative intent with regard to the earlier year in question.

estates are molded and reshaped to impose a tax on particular persons selected by the legislature. In this context, consistency of treatment in the statutory scheme is an important guide to legislative intent. A QSST beneficiary is treated as the owner of S corporation shares for purposes of income, loss, and deductions. It is unlikely the legislature intended any different treatment with regard to specific Oregon tax credit provisions. The department has not pointed to any language or provision that indicates the legislature did not intend consistent treatment with regard to tax credits. Nothing in the statutory scheme suggests the legislature intended to allow the credit to an individual who owns the shares outright, but to deny the credit to an individual who, as a beneficiary, is treated as if the individual owned the shares outright. State income tax laws are consistent with federal income tax laws concerning the treatment of QSST beneficiaries in all other respects.

The court concludes that a QSST beneficiary is a member within the meaning of ORS 316.082(1) to the extent of their pro rata share of the S corporation. Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' Motion for Summary Judgment is granted and,

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is denied. Plaintiffs to recover costs and reasonable attorney fees.